# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

        v.                                                Case No. 17-CR-122

**RESIT TAVAN, et al.,**

        **Defendant.**

## ORDER

Resit Tavan is detained in the Waukesha County Jail awaiting trial. Currently before the court is Tavan's motion "to use a private room for attorney-client meetings." (ECF No. 15.) Beyond the relief referenced in the title of the motion, Tavan asks that the court order that his attorney's legal assistant be permitted to meet with him, that he be allowed to meet with his attorney on weekends and beyond the seven hours per weekday the jail permits for attorney-client visits, that his attorney be allowed to provide him binders of documents, and that counsel be able to bring a computer and a recording device to meetings in the jail. For the reasons set forth below, the motion will be denied.

With respect to the request regarding defense counsel's legal assistant, the court understands that the United States Marshal's Service has a procedure for reviewing such requests. If defense counsel believes that it is essential to have a legal assistant accompany her to in-custody client meetings, she must submit a letter on her law firm's letterhead to Supervisory Deputy United States Marshal Jeremy Loesch, jeremy.loesch@usdoj.gov, identifying the legal assistant, providing the assistant's date of birth, and explaining why the presence of the assistant is necessary. If the matter is not resolved, Tavan may again seek relief from the court. Provided the legal assistant meets the Marshals Service's objective security standards, it appears that the presence of a legal assistant would be appropriate under the circumstances.

The other complained-of restrictions are reasonable limitations necessary to the safety and the security of the institution. The court is not persuaded that any such restrictions undermine Tavan's right to counsel.

Moreover, in certain respects defense counsel's representations are inconsistent with the court's understanding of the standard practices at the Waukesha County Jail. For example, counsel asserts that public defenders are permitted in-person visits with their clients whereas privately-retained attorneys must meet with clients through a partition. That is incorrect. At the Waukesha County Jail, all defense attorneys must meet with their clients through a partition. The fact that consular officials were permitted to meet with Tavan without a partition is of no moment. Such consular visits

are a sensitive matter of international relations governed by treaty, *see Vienna Convention on Consular Relations*, Art. 36, and thus may reasonably be subject to different standards than routine attorney-client communications.

The prohibition upon counsel bringing electronic devices into the institution is a reasonable security restriction. The court presumes that, as is routine practice, the government has already provided Tavan with discovery and he is able to review it while in custody. As the court understands it, the problem is that Tavan cannot access his copy of the discovery (which the court presumes is electronic) while he is meeting with his attorney. To partially remedy this, defense counsel is free to bring paper documents to the jail to facilitate her discussions with Tavan. Counsel can even provide papers to Tavan during a meeting, provided they are inspected by a corrections officer to confirm that only papers are included. The issue arises when papers are contained in a binder or something similar. Binders will generally contain metal that could be used as a weapon, and therefore are routinely prohibited from jails. Alternatively, if counsel would like Tavan to have copies of certain documents from discovery to review along with counsel, she may provide paper copies of those portions of discovery to the Assistant United States Attorney, who will then coordinate with the United States Marshals Service to ensure they are provided to Tavan.

Finally, the court finds that permitting attorney-client meetings for seven hours per day and limiting those meetings to traditional business hours is reasonable.

Although the court recognizes such limitations to be inconvenient, attorneys who choose to represent clients some distance from their offices should expect and must accept certain inconveniences that result.

**IT IS THEREFORE ORDERED** that Resit Tavan's "Motion to Use a Private Room for Attorney-Client Meetings" (ECF No. 15) is **denied**.

Dated at Milwaukee, Wisconsin this 21st day of February, 2018.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge