UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § § Plaintiff, § v. § RAMOR DIS TICARET, LTD., § a/k/a The Ramor Group, § RESIT TAVAN, and § FULYA KALAFATOGLU OGUZTURK, § § Defendants. § | Case No: 17-CR-122 |

## REQUEST TO REOPEN DEFENDANT'S RENEWED MOTION FOR PRETRIAL RELEASE ON BOND [DE30]

**NOW COMES** the Defendant, RESIT TAVAN, (hereinafter "Tavan" or "Defendant") by and through his retained counsel, Nejla K. Lane of Lane Keyfli Law, moves this Honorable Court, reopen pretrial motion date and allow pursuant to 18 United States Code Section §3142, Defendant's release from the Waukesha County Jail pending trial on reasonable bond. In support of said motion, Tavan asserts the following:

1. Tavan has been continuously incarcerated since his arrest in Romania on June 8, 2017.

2. On December 8, 2017, Tavan was extradited to the United States, Wisconsin; he has been held in Waukesha County Jail since such time without bond.

3. On February 2, 2018, Lane filed Defendant's first Motion for Pretrial Release on Bond. [DE #12].

4. On February 14, 2018, the Honorable Judge David E. Jones heard arguments regarding the Motion and the Government's opposition.

1

5. Judge Jones denied this Motion then stated that if artificial ties to the community were created for Tavan, pretrial release on bond was a possibility.

6. On May 4, 2018, Tavan filed his second "Renewed Motion for Pretrial Release on Bond" [DE30].

7. This Court Ordered all pretrial motions cut off dates by June 22, 2018. [DE34].

8. On June 22, 2018, this Court entered "Court Minutes" with regards to Tavan's Renewed Motion for Pretrial Release stating among other things that, "decision is close but still not able to release Defendant" and further held that this Court needed furthermore "an assertion from Turkish Consulate that they would **_not_** let Defendant in their door" because the letter that was provided was too subtle. [DE34] (emphasis added).

9. On this day, the Court also held that Tavan to remain detained; however, his Counsel "can file a new motion in/when [they] have new information to present." *Id.*

10. The Court explicitly stated that this Honorable Court still "needed affirmation" from the Consulate that they will not accept Defendant but would contact law enforcement authorities if he appeared at their door.

11. For the reasons stated above and based on the new evidence, "the affirmation letter from the Consulate General of the Republic of Turkey", which is located in Chicago, Illinois, dated September 4, 2018, [DE47] Defendant now files this renewed motion to reconsider its previous ruling denying his pretrial release up and until a reassurance form Consul General is available.

12. To satisfy this Honorable Court's request for assurance, Consul General, Umut Acar, stated in the last paragraph the following: "I hereby would like to inform Your Honor that if released on bond, our Consulate will **_not_** help Mr. Tavan evade justice by providing him

2

Case 2:17-cr-00122-PP   Filed 10/01/18   Page 2 of 8   Document 53

with any travel documents, and/or asylum/shelter, and will inform law enforcement if Mr. Tavan comes to the consular premises, in an effort to evade justice." [DE47] (emphasis added).

13. Defendant believes that this new letter from Chicago Consul General now satisfies this Honorable Court's concern and its demand for reassurance that Chicago Consul General will not in any way, shape or form help Tavan evade justice and respectfully request to reopen and reconsider this newly obtained evidence when making a ruling on this new motion for pretrial release on bond.

14. As previously stated, pursuant to 18 U.S. Code §3142, Tavan respectfully moves this Court for release pending trial under the following conditions which will eliminate the risk of flight.

    a. Tavan has rented an apartment close to the Court House in Milwaukee, Wisconsin.
    b. Tavan will submit to electronic Global Positioning System (GPS) monitoring.
    c. Tavan will participate in daily or weekly check in with pretrial services.
    d. In the alternative, grant him daily-releases from 6:00 a.m. to 8:00 p.m., Tavan is willing to return to the Waukesha County Jail at 8:00 p.m. every night, if necessary, for his pretrial release. Or,
    e. Anything this Court deems just and reasonable.

15. As previously stated Tavan has no criminal background, in fact he has never before been charged with any criminal act and he poses absolutely no danger if released into the community awaiting his trial in the United States.

16. Tavan suffers from depression and a lingering back injury. If released on bond, he would able to seek proper medical attention.

17. Tavan is being held in the Waukesha County Jail, unable to communicate with his family easily, which is exacerbating his pre-existing mental and physical health issues.

18. Pursuant to 18 U.S. Code § 3142(g), the judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, and consider the available information concerning:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (2) the weight of evidence against the person; (3) The history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

## I. The Nature And Circumstances Of The Offenses Charged and the Weight of the Evidence Favor Tavan Being Released On Bond.

19. At a Detention Hearing, the Judicial Officer assesses what conditions of release would assure the safety of any other person and the community. In doing so, they consider whether the case involves crimes of violence, an offense where the maximum sentence is life imprisonment or death, offenses where the maximum imprisonment is ten years or more as relating to Controlled Substances, and/or felonies involving minor victims or the possession/use of a firearm. *See* 18 U.S. Code § 3142(f)(1)(A) – (E).

    a. Tavan has not been accused of any of these types of crimes.

20. While considering the strength of the Government's case and weight of the evidence in regard to pretrial detention, Courts have found that "this is, however, the least important of the various factors. Moreover, detention hearings are not meant to be mini-trials." *United States v. Hammond*, 204 F. Supp. 2d 1157, 1165 (E.D. Wis. 2002).

## II. Tavan's History and Characteristics Demonstrate Why He Should Be Released on Bond

21. Under 18 U.S. Code §3142(g)(3)(A), the Judicial Officer can take into account the available information concerning the "person's character, physical and mental condition, family ties, employment, financial resources."

22. The Seventh Circuit stated, "evidence of economic and social stability, coupled with the absence of any relevant criminal record, at least suggests that defendants would be less likely to engage in criminal activity while on pretrial release." *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986).

23. Tavan's personal characteristics also support release on bond. He is forty years old and has spent his entire life in Turkey. Tavan used to be a self-made businessman and has never been charged with a crime before.

24. Tavan was incarcerated from June 8, 2017 up until December 8, 2017 in Romania and since his arrival to the U.S., he has been incarcerated in the Waukesha County Jail. As this case was labeled complex and taken out of the "speedy trial" schedule, there is no sight of the actual trial date yet.

## III. Tavan Is Not A Danger To The Community And Should Be Released on Bond.

25. The finding of a presumption of dangerousness "cannot be based on evidence that he has been a danger in the past, except to the extent that his past conduct suggests the likelihood of future misconduct." *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986).

26. Tavan is accused of conspiracy and crimes relating to import and export. If Tavan were released on bond, he would not be a danger to the community. These charges are not

inherently dangerous to the community in Wisconsin. Looking at Tavan's past conduct does not indicate a strong likelihood of future misconduct.

## IV. Tavan Does Not Present a Risk of Flight

27. Tavan is not a flight risk if released upon the conditions requested by the defense. The conditions proposed by the defense would guarantee that Tavan would not be able to flee the United States.

28. In another case where a foreign national was released on bond, the Court found that

    > "Other operative facts in this case dispel the government's fear of his flight. First, while Hutchins may not own real property in this country, he has rented and furnished an apartment in Los Angeles at substantial personal expense. The government seems to think that ownership of real estate is the only sort of outlay that could tie a defendant to this country, but the Court does not concur." *United States v. Hutchins*, No. 17-CR-124-2-JPS, 2017 U.S. Dist. LEXIS 183385, at *10 (E.D. Wis. Nov. 6, 2017).

29. Like the accused in *Hutchins*, Tavan plans to rent an apartment with his own funds to stay in for the duration up until this trial.

30. While Tavan is a foreign national, this does not mean that he is automatically a flight risk. In a similar case, the Eastern District of Wisconsin concluded that "the notion that Hutchins can escape the country without a passport is both true and irrelevant. Not having a passport will at a minimum make this more difficult, and the Bail Reform Act does not mandate a set of conditions that will guarantee that the defendant cannot flee." *Id.* at 11.

31. Under the conditions proposed by the defense, Tavan would not be able to flee the United States, because United States Marshal has already has confiscated his Turkish passport. Furthermore, this new letter from Turkish Consulate General in Chicago dated September 4, 2018, was sent directly to Honorable Judge Pamela Pepper stating that they will not help

6

Case 2:17-cr-00122-PP   Filed 10/01/18   Page 6 of 8   Document 53

Mr. Tavan to evade justice by providing him with any travel documents and/or asylum or shelter if he were released on bond. [DE47]

32. Under GPS monitoring, if Tavan removes his monitoring bracelet, the authorities would be notified immediately, and Tavan would also be subject to additional criminal charges for violating the terms of his pretrial release, which Tavan is aware that would hurt his current situation extremely.

33. Tavan has indicated that he would voluntarily participate in daily check-ins with Pretrial Services, if requested.

34. In addition, pretrial release on bond would ensure that Tavan stays in an agreed upon radius. In *Hutchins,* the Court found that when the accused's friend paid the bond for the his release, that served as enough incentive for him to appear as required. *Id.* at 11. Here, Tavan's wife and brother will help him pay the bond and any other cost involved with this pretrial release. These ties are certainly strong enough to prevent Tavan from being a flight risk. (Financial Documentation Available upon request).

35. The Court "may deny release *only* if no conditions will reasonably assure (1) the defendant's appearance and (2) the safety of the community." *United States v. Chavez-Rivas*, 536 F. Supp. 2d 962, 965 (E.D. Wis. 2008). (Emphasis added).

36. Tavan respectfully requests that this Court conduct a new hearing on this new motion for release filed at this time at which time the Tavan will be prepared to present testimony in support of its request for pretrial release.

**RELIEF REQUESTED**

For these reasons stated above, Defendant, Resit Tavan, respectfully requests that this Honorable Court:

A. Conduct a hearing at which time it can verify the representations made concerning Tavan's living conditions if released to the community;

B. Grant him release on personal recognizance or in the alternative unsecured appearance bond in the amount not exceeding $10,000, because he lacks funds due to his year-long incarceration; and,

C. Grant such other, further, and different relief as the Court may deem just and proper under the circumstances.

Dated this 1st day of October 2018.

Respectfully Submitted,

**/s/ Nejla Lane, Esq.**
Nejla Lane, Esq.
Attorney for Defendant
Lane Keyfli Law, Ltd.
5901 N. Cicero Ave., Ste. 200
Chicago, IL 60646
P: (773) 777-4440

**CERTIFICATE OF SERVICE**

I, Nejla K. Lane, an attorney of record for this matter, hereby certify that on October 1, 2018, I caused a true and correct copy of the foregoing to be served upon all counsel of record by filing same with the CM/ECF system, which will send notification of such filing to all attorneys of record.

/s/ Nejla K. Lane Esq.
Nejla K. Lane Esq.