UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes

| | |
|---|---|
| DATE: | April 2, 2019 |
| JUDGE: | Pamela Pepper |
| CASE NO: | 2017-cr-122 |
| CASE NAME: | United States of America v. Ramor Dis Ticaret, Ltd. and Resit Tavan |
| NATURE OF HEARING: | Change of Plea |
| APPEARANCES: | Keith Alexander – Attorney for the government |
| | Paul Kanter – Attorney for the government |
| | William Mackie – Attorney for the government |
| | Nejla Lane – Attorney for the defendants |
| | Resit Tavan – Defendant |
| | Pelin Taser – Interpreter |
| | Daniel Dragolovich – US Probation |
| COURTROOM DEPUTY: | Kristine Wrobel |
| TIME: | 1:42 p.m. - 3:28 p.m. |
| HEARING: | Sentencing set for August 29, 2019 at 10:00 a.m. in Room 222 |

**AUDIO OF THIS HEARING AT DKT. NOS. 75 and 76**

The court had scheduled this hearing because the defendant had expressed his desire to change his plea, individually and on behalf of the corporation. The court noted that the parties had filed the plea agreements on March 7, 2019. The plea agreements called for both the individual defendant and the corporate defendant to plead guilty to Count One, conspiring to defraud the United States by impairing, impeding, and obstructing the lawful governmental functions of the United States Department of Treasury, that is, the enforcement of laws and regulations prohibiting the export of goods from the United States to Iran without a license and to commit an offense against the United States: smuggling, by knowingly and fraudulently exporting and sending, and attempting to export and send, from the United States to Iran, articles and objects contrary to IEEP, Title 50, United States Code §1705, and the ITSR, Title 31, Code of Federal Regulations 560.203-205. The court placed the defendant under oath, reviewed the plea agreements with him and questioned him.

The court recounted that as to individual defendant Tavan, Count One carried a maximum prison term of five years, a maximum fine of $250,000 and a maximum of three years of supervised release, as well as a mandatory special assessment of $100. As to the corporate defendant, Count One carried a fine of $500,000, twice the gross pecuniary gain derived from the offense or twice the gross pecuniary loss to persons other than the defendant corporation resulting from the offense, as well as a mandatory special assessment of $400.

After the defendant had answered the court's questions, the court found that the defendant understood his trial rights, the penalties associated with the charges, the possible civil ramifications of a conviction, and the uncertainty of his ultimate sentence. The court also found that the defendant entered the

1

pleas knowingly and voluntarily, without threats or promises. The court accepted the defendant's pleas of guilty and found the individual defendant and the corporation guilty of the offense charged in Count One.

Because the parties had waived the Rule 32 deadlines in the plea agreement, the court scheduled a sentencing hearing for August 29, 2019 at 10:00 A.M. in Room 222. The probation office will disclose the PSR by June 28, 2019 with any objections due by July 19, 2019. Any sentencing memoranda or other documents (such as letters) are due by August 22, 2019. The probation office will file the revised presentence report at least seven (7) days prior to the date of the sentencing hearing.

The individual defendant told the court that he did not want to wait four and a half months for sentencing. His children were waiting for him in Turkey and missed him terribly, and he wanted to finish the case and get back to them as soon as possible. He begged the court to schedule an earlier sentencing hearing. The court responded that due to its congested calendar, it did not have an earlier date available at the moment, but indicated that if any of the trials it has scheduled for the summer settle or adjourn, it would be more than happy to consider moving up the sentencing date. At the request of the government, the court also explained to the defendant that it necessarily took some time for the probation department to prepare the presentence investigation report, and for the parties and the court to review it; even if the court had time open in the next month, the court could not schedule the sentencing that soon because of the time it took to prepare for the sentencing.