# UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | Case Number: 2017-cr-122-PP<br>USM Number: 16394-089 |
| Resit Tavan | <u>Robert Gevirtz</u>   <u>William Mackie</u><br>Defendant's Attorney   Assistant United States Attorney |

THE DEFENDANT pled guilty to Count One of the indictment. The court adjudicates him guilty of this offense:

| Title & Section | Nature of Offense | Date Concluded | Count(s) |
|---|---|---|---|
| 18 U.S.C. §371 | Conspiracy to defraud the United States and commit offense against the United States by smuggling | 7/2015 | 1 |
|  |  |  |  |

The court sentences the defendant as provided in this judgment. The court imposes the sentence under to the Sentencing Reform Act of 1984.

The court DISMISSES the remaining counts of the indictment on the motion of the United States.

The court ORDERS that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and the United States Attorney of material changes in economic circumstances.

Date Sentence Imposed: August 29, 2019

_____
Hon. Pamela Pepper
Judge, United States District Court

Date Judgment Entered: August 29, 2019

DEFENDANT: Resit Tavan
CASE NUMBER: 2017-cr-122-PP

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **twenty-eight (28) months**.

☒ The court makes the following recommendations to the Bureau of Prisons:
**The Bureau of Prisons give the defendant credit for any time served in federal custody prior to the date of sentencing.**

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
with a certified copy of this judgment.

_____
United States Marshal

_____
By: Deputy United States Marshal

DEFENDANT: Resit Tavan
CASE NUMBER: 2017-cr-122-PP

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **zero (0) months because the defendant waives immigration hearing and agrees to immediate deportation**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons and shall report to the probation officer in a manner and frequency as reasonably directed by the Court or probation officer. The defendant shall not commit another federal, state or local crime. The defendant shall not unlawfully possess a controlled substance and shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.
- ☐ The defendant shall not possess a firearm.
- ☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer.
- ☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.
- ☐ The defendant shall participate in an approved program for domestic violence.

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

**CONDITIONS OF SUPERVISION**

AO 245B (Rev. 09/11) Judgment in a Criminal Case

DEFENDANT:  Resit Tavan
CASE NUMBER:  2017-cr-122-PP

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on the attached page.

| **Total Special Assessment** | **Total Fine** | **Total Restitution** |
|---|---|---|
| **$100.00** | **$Waived** | **$None** |

The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

| PAYEE | AMOUNT |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
| TOTAL: |  |

If a defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.
☐ Restitution amount ordered pursuant to plea agreement: $_____.
☐ The defendant must pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).
☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that the interest requirement is waived for the ☐ fine ☐ restitution.

\*\*   Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: Resit Tavan
CASE NUMBER: 2017-cr-122-PP

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

    The defendant's obligation to pay the $100 special assessment balance begins immediately.

    The defendant must participate in the Inmate Financial Responsibility Program.

    While the defendant is in custody, he must make payments toward the special assessment obligation as required by the Inmate Financial Responsibility Program.

    After his release from custody, the defendant must make payments toward the remaining balance of the special assessment and restitution obligations of no less than $25 per month, until paid in full, to start thirty days after he is released from custody.

    The defendant must make all criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, to the clerk of court.

    The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

    Payments shall be applied in the following order: (1) special assessment and (2) costs (if any, including cost of prosecution and court costs).